Gregory J. Marshall (#019886)
Emily R. Parker (#036286)
SNELL & WILMER L.L.P.
One East Washington Street
Suite 2700
Phoenix, Arizona 85004-2556
Telephone: 602.382.6000
gmarshall@swlaw.com
eparker@swlaw.com

*Attorneys for Defendant Raley's Arizona, LLC d/b/a Bashas'*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RENAY KRISTAPHER, individually, and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RALEY'S ARIZONA, LLC d/b/a BASHAS',<br><br>Defendant. | No.<br><br>**NOTICE OF REMOVAL** |

Defendant Raley's Arizona, LLC ("Raley's") files this Notice of Removal of the above-captioned action from the Maricopa County Superior Court, State of Arizona ("State Court"). Removal is proper based on 28 U.S.C. §§ 1332 and 1441, as amended by the Class Action Fairness Act of 2005 ("CAFA"), and as authorized by 28 U.S.C. § 1453.

**I.    BACKGROUND**

1.   On June 21, 2024, Plaintiff Renay Kristapher ("Plaintiff") filed a complaint styled *Renay Kristapher v. Raley's Arizona, LLC*, Case No. CV2024-016216 (the "Complaint") in State Court (the "State Court Action"). A complete copy of the State Court file is attached hereto as **Exhibit A**.

2.   In the Complaint, Plaintiff alleges that Raley's utilized "tracking pixels" in marketing emails sent to Plaintiff, after she signed up for Raley's email marketing list. [Compl. ¶ 39.]

3.    Plaintiff claims that the tracking pixels "obtained email access logs reflecting that Plaintiff had opened the email, the date and time it was opened, and other details associated with Plaintiff accessing the email." [*id.* ¶ 43.]

4.    Plaintiff alleges that the use of these tracking pixels violates Arizona's Telephone, Utility and Communication Service Records Act, A.R.S. § 44-1376, *et seq.* (the "ATUCA"). [*id.* ¶¶ 59–68.]

5.    Plaintiff filed this lawsuit on her own behalf and purportedly on behalf of the following class: "All Arizona residents who, within the relevant statute of limitations period, received and opened an email from [Raley's] that contained an email tracking pixel." [*id.* ¶ 47.]

6.    The Complaint asserts one cause of action: violation of the ATUCA. [*id.* ¶¶ 59–68.]

7.    Plaintiff contends that "Each time Plaintiff and Class Members opened and re-read an email containing a tracking pixel, [Raley's] . . . committed a separate violation of [the ATUCA]." [*id.* ¶ 67.]

8.    Plaintiff requests certification of the lawsuit as a class action, and "[a]n award of actual damages or statutory damages in an amount of $1,000 per violation." [*id.* at p. 16 (Prayer for Relief).]

## II. DIVERSITY JURISDICTION UNDER CAFA

9.    The State Court Action is removable under CAFA.

10.    CAFA was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), reprinted in U.S.C.C.A.N. 3, 41; *see also* H. Rep. 108-144, at 36-37 (2005).

11.    Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a putative "class action" commenced after the effective date of CAFA may be removed to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant; and (b) the amount in

1  controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.
2  Complete diversity among parties is not required. 28 U.S.C. § 1332(d)(2)(A).

3    **A. CAFA's Minimum Diversity Requirement Is Met.**

4    12. The requisite diversity of citizenship exists under 28 U.S.C.§§ 1332(d)(2)
5  and (d)(7).  Plaintiff is a citizen of Arizona.  [Compl. ¶ 15.]  Raley's is a citizen of
6  California.  [Declaration of Deirdre Zimmermann ("Zimmermann Decl."), attached as
7  **Exhibit B**, at ¶¶ 3-4.][1]  Thus, the minimum diversity required by CAFA exists.

8    **B. CAFA's Amount in Controversy Requirement Is Met.**

9    13. Under 28 U.S.C. § 1332(d), as amended by CAFA, the amount in
10 controversy in a putative class action is determined by aggregating the amount at issue of
11 the claims of all members of the putative class.  28 U.S.C.§ 1332(d)(6).  While Raley's
12 denies that Plaintiff or any putative class member is entitled to any relief, the Complaint's
13 allegation of a putative class and the relief sought place an aggregate amount in
14 controversy of more than $5,000,000, exclusive of interest and costs.

15   14. In determining whether an action may be removed to federal court under
16 CAFA, "[t]he amount in controversy is not proof of the amount plaintiff will recover.
17 Rather, it is an estimate of the amount that will be put at issue in the course of the
18 litigation." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).
19 "Once the proponent of federal jurisdiction [under CAFA] has explained plausibly how
20 the stakes exceed $5 million, … then the case belongs in federal court unless it is legally
21 impossible for the plaintiff to recover that much." *Id.*

22   15. According to the Complaint, Plaintiff seeks "statutory damages in an
23 amount of $1,000 per violation," among other forms of relief.  [Compl. at p. 16 (Prayer
24 for Relief).]  Plaintiff contends that "Each time Plaintiff and Class Members opened and
25 re-read an email containing a tracking pixel, [Raley's] . . . committed a separate violation

---

[1] For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

1  of [the ATUCA]." [*id.* ¶ 67.] And Plaintiff alleges that the class consists of "All Arizona
2  residents who, within the relevant statute of limitations period, received and opened an
3  email from [Raley's] that contained an email tracking pixel." [*id.* ¶ 47.]

4      16. Raley's operates 112 grocery stores that operate under various names, two of
5  which are Bashas' and Bashas' Diné Market, and all of which are located in Arizona with
6  the exception of two locations in New Mexico. [Zimmermann Decl. ¶ 6.]

7      17. Bashas' has a loyalty program through which customers can sign-up for free
8  to redeem excusive coupons and receive notice of special offers, among other benefits.
9  [*id.* ¶ 7.]

10      18. The Bashas' loyalty program requires customers who wish to join to provide
11  their name, telephone number and email, agree to receive emails, and agree to the
12  program's Terms and Conditions before accounts are created and emails are sent. [*id.* ¶
13  8.]

14      19. The Bashas' loyalty program includes over 100,000 customers who
15  provided a telephone number with an Arizona area code (602, 480, 928, 520 or 623) when
16  they signed up for the loyalty program, suggesting that these loyalty customers reside in
17  Arizona (the "Arizona Loyalty Customers"). [*id.* ¶ 10.]

18      20. Raley's sent each of the Arizona Loyalty Customers one or more emails in
19  the past year that would have included tracking pixels that gather certain read-receipt
20  information. [*id.* ¶ 11.]

21      21. While it is possible that some of the Arizona Loyalty Customers have
22  moved outside Arizona since joining the loyalty program or were otherwise residing
23  outside Arizona when they received the allegedly violated emails, the numbers would be
24  too low to make any difference in the amount in controversy inquiry.

25      22. For example, the U.S. Census Bureau estimates that only approximately
26  2.8% of Arizona's population relocated out of the state during calendar year 2022, the

most recent year such data is available. *See* U.S. Census Bureau, *2022 State-to-State Migration Flows* (2022).[2]

23. Likewise, the U.S. Census Bureau estimates that only approximately 5.9% of Arizona's total housing is used for "seasonal, recreational, or occasional use," including by persons who may reside part time in another state. *See* U.S. Census Bureau, *Profile of General Population and Housing Characteristics, Arizona* (2020).

24. Because Plaintiff contends that Plaintiff and the Class Members are entitled to damages of at least $1,000 per email containing a tracking pixel, among other relief, the alleged damages for the putative class easily exceed $5,000,000.

25. In summary, although Raley's denies that Plaintiff and the putative class are entitled to any relief, the amount in controversy in this matter exceeds $5,000,000.

**C.    CAFA's Other Requirements Are Met.**

26. <u>Numerosity</u>. The numerosity requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied by the allegations set forth in the Complaint, which defines the class as "thousands of Arizona residents." (Compl. ¶ 52.) Thus, the putative class, as pled, exceeds the 100-member threshold as set forth in 28 U.S.C. § 1332(d)(5)(B).

27. <u>No CAFA exceptions apply</u>. Although Plaintiff, not Raley's, bears the burden of showing that any CAFA exceptions apply, *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017), none of the exceptions apply here.

28. The "home state" exception, under which a district court shall decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the

---

[2] The Court is permitted to take judicial notice of public records, including the "records and reports of administrative bodies." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("[T]he court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.").

1   action was originally filed," 28 U.S.C. § 1332(d)(4)(B), does not apply.  Raley's is not a citizen of Arizona.  [Zimmermann Decl. ¶¶ 3-4.]

29. The "local controversy" exception under 28 U.S.C. § 1332(d)(4)(A) similarly requires that "greater than two-thirds" of the putative class and at least one defendant are citizens of the state where the action was originally filed.  Raley's is the only defendant and is not a citizen of Arizona.  [Zimmermann Decl. ¶¶ 3-4.]  Thus, for the same reason as the home state exception, this exception does not apply.

30. This case is therefore removable pursuant to 28 U.S.C. § 1332(d)(2) because (i) the case has been brought as a purported class action and included within the purported class are more than 100 class members; (ii) at least one member of the purported class is a citizen of a State different from Defendant; and (iii) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(d)(2).

### III.   PROCEDURAL REQUIREMENTS

31. <u>Removal Is Timely.</u>  This Notice of Removal has been filed within thirty (30) days of receipt of the Summons and Complaint and is therefore timely in accordance with 28 U.S.C. § 1446(b).  *See* Ex. A.

32. <u>Removal to Proper Court</u>.  Venue is proper pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the District of Arizona embraces the Superior Court of the State of Arizona, In and For the County of Maricopa, where the State Court Action was originally commenced.

33. <u>Notice.</u> A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the State Court, and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

34. In the event Plaintiff seeks to remand this case, Raley's respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

1    WHEREFORE, Raley's gives notice that the above-entitled State Court Action, formerly pending in the Maricopa County Superior Court, State of Arizona, be removed to the United States District Court for the District of Arizona.

DATED this 12th day of August, 2024.

                        SNELL & WILMER L.L.P.

By: *s/ Emily R. Parker*
    Gregory J. Marshall (#019886)
    Emily R. Parker (#036286)
    One East Washington Street
    Suite 2700
    Phoenix, Arizona  85004-2556
    Telephone: 602.382.6000
    Facsimile: 602.382.6070

*Attorneys for Defendant Raley's Arizona, LLC d/b/a Bashas'*