**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renay Kristapher,<br><br>        Plaintiff,<br><br>v.<br><br>Raley's Arizona LLC,<br><br>        Defendant. | No. CV-24-02037-PHX-KML<br><br>**ORDER** |

Plaintiff Renay Kristapher filed in state court a single-count putative class action under the Arizona Telephone, Utility, and Communication Service Records Act (TUCSRA) against defendant Raley's Arizona LLC. She alleges Raley's embedded third-party tracking technology in its marketing emails that revealed information about when, where, and how she opened these emails. Raley's removed the case to federal court then moved to dismiss for lack of jurisdiction and failure to state a claim. Because Raley's has not carried its burden of establishing federal jurisdiction, this case is remanded to state court.

**I.      Background**

Renay Kristapher signed up for promotional emails from Raley's, which operates an Arizona grocery store chain. (Doc. 1-1 at 3.) Unbeknownst to Kristapher, Raley's emails used a digital tool known as "pixels." (Doc. 1-1 at 5.) Pixels are embedded code that provide the sender with data about how a recipient interacts with the email, such as when the recipient accesses it, how often she reviews it, and the location where she views

it. (Doc. 1-1 at 6–7.) Tracking pixels are part of a larger system where third-party data brokers aggregate and monetize consumer data. (Doc. 1-1 at 9.)

Kristapher filed a complaint in state court on behalf of a putative class of similarly-situated consumers, alleging one count under TUCSRA based on Raley's use of pixels. (Doc. 1-1 at 15–16.) Raley's removed to this court alleging diversity jurisdiction under the Class Action Fairness Act. (Doc. 1 at 2.)

## II. Motion to Dismiss

Raley's now moves to dismiss Kristapher's complaint under Rule 12(b)(1) for lack of standing. (Doc. 11 at 4.) Raley's motion is a facial challenge to jurisdiction because Raley's "accepts the truth of [Kristapher's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1056 n.1 (9th Cir. 2023) (simplified). According to Raley's, Kristapher's "allegations of privacy-based harms [do] not rise to the level of a sufficient injury under Article III . . . and therefore [she] lacks standing bring this claim." (Doc. 11 at 2.) Kristapher responds by arguing as the removing party, it is Raley's burden to prove the existence of federal jurisdiction. (Doc. 12 at 6.)[1] Because Raley's now argues jurisdiction does not exist, remand to state court is required. (Doc. 12 at 6.)

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "Upon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as '[t]he party invoking federal jurisdiction.'" *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) (quoting *Lujan*, 504 U.S. at 561).

It is unclear what caused Raley's to suddenly doubt this court's jurisdiction in the month between when it removed this case from state court and moved to dismiss. But what is clear is that Raley's has not carried its burden of establishing jurisdiction. When the party with the burden of proof of establishing jurisdiction concedes it has no interest in carrying that burden, there is no need to proceed any further and summary remand is

---

[1] Kristapher's response does not have an ECF-generated header, so citations are to its internal pagination.

appropriate. *See Ott ex rel. L.O. v. Dep't of Health*, No. 3:24-CV-00153-SLG, 2024 WL 4512091, at *3 (D. Alaska Oct. 17, 2024) ("By removing the lawsuit to federal court based on the assertion that this Court has subject matter jurisdiction and then reversing course and asserting a lack of subject matter jurisdiction a mere 20 days later, the State has not met its burden to establish that this Court has subject matter jurisdiction.").

Curiously, Raley's now asks the court to conduct its own full analysis of Kristapher's standing rather than summarily remanding. (Doc. 15 at 2–3.) As a general matter, the court would hesitate to carry Raley's burden for it. *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (parties "are responsible for advancing the facts and argument entitling them to relief") (quotations omitted). But here, it is particularly inappropriate to do so because Raley's argument is based on the premise that summary remand is only appropriate when the parties agree the court lacks jurisdiction. (Doc. 15 at 2.) Confusingly, in making this argument, Raley's recognizes Kristapher never argued she has standing, and her opposition to the motion to dismiss contains a request to remand. (Doc. 15 at 2.) In these circumstances, it takes no inferential leap to understand that Kristapher *agrees* the court lacks jurisdiction. Summary remand is therefore appropriate even if the parties' agreement is required.

Raley's also argues without the court's "independent review, Plaintiffs would be incentivized to advocate for remand while contradictorily highlighting their damages – all with a clear intent to advance those same damages upon remand." (Doc. 15 at 6.) But allegations of damages alone do not rise to the level of an injury sufficient for Article III standing, as Raley's itself argues in its motion. (Doc. 11 at 5.) Further, to the extent Raley's wishes to extinguish an argument Kristapher might raise in state court, the court is "not inclined to resolve an issue that is not actually in dispute, solely for the purpose of advancing, in some advisory fashion, an argument defendant may wish to make in state court." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016).

Ninth Circuit law is clear that in a removed case, the proper course of action for a lack of jurisdiction is to remand, not dismiss. *Polo v. Innoventions Int'l, LLC*, 833 F.3d

1193, 1196 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal courts* have no power to adjudicate the matter. State courts are not bound by the constraints of Article III."). With neither party arguing jurisdiction exists, this case must be remanded.[2]

### III.   Attorneys' Fees

Kristapher requests an award of attorneys' fees for Raley's removal. (Doc. 12 at 2.) "Absent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Courts consider the "clarity of the law at the time of removal" and whether it "clearly foreclosed the defendant's basis of removal" when evaluating the objective reasonableness of a party's removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Raley's filings in federal court make it a close call whether to award fees.

In its motion to dismiss, Raley's argues a plaintiff alleging an intangible harm must consider whether that harm was sufficiently concrete by analogizing the injury to one "traditionally recognized as providing a basis for a lawsuit in American courts." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Raley's argues these harms are most analogous to the state-law privacy claims of intrusion upon seclusion and public disclosure of private facts, providing an example of another court rejecting a TUCSRA claim for lack of standing "with almost identical facts." (Doc. 11 at 5–6 (citing *Hartley v. Urb. Outfitters, Inc.*, 740 F. Supp.3d 410, 422 (E.D. Pa. 2024).) It also cites five other instances where other district courts have "rejected similar purported harms as insufficient to establish an Article III injury." (Doc. 11 at 7 (collecting cases).) According

---

[2] Raley's claims in its reply that it argued its motion to dismiss under Rule 12(b)(1) as an alternative to its motion to dismiss under Rule 12(b)(6) because it was "uncertain whether this Court would find standing." (Doc. 15 at 6.) But Raley's opened with, and dedicated the majority of its argument to, standing. (Doc. 11 at 2 ("First, Plaintiff's allegations . . . does [sic] not rise to the level of a sufficient injury under Article III").) Separately, "[a]s always, before resolving any of the merits arguments, [the court] must first assure itself that [it has] jurisdiction." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) (quotations omitted). Naturally the court would therefore addresses standing before analyzing the merits of Kristapher's complaint.

to Raley's motion, "[t]he Ninth Circuit, along with its sister Circuits, has consistently rejected" similar privacy claims based on a reasonable expectation of privacy of an IP address. (Doc. 11 at 8.) Only after Kristapher pointed out Raley's standing argument would require remand did Raley's abruptly backpedal, arguing "the overall legal landscape on privacy harms post-*Spokeo* and *TransUnion* remains muddled." (Doc. 15 at 5.)

Courts have awarded attorneys' fees where a party removes and then "[does] an about-face regarding standing (and, ergo, jurisdiction)." *Pioneers Mem'l Healthcare Dist. v. Imperial Valley Healthcare Dist.*, 745 F. Supp. 3d 1088, 1107 (S.D. Cal. 2024); *see also Parrish v. Everi Payments Inc.*, No. 22-CV-00511-GMN-DJA, 2023 WL 3276400, at *3 (D. Nev. May 4, 2023) ("Defendants 'assert[ed], then immediately disavow[ed] federal jurisdiction, apparently in hopes of achieving outright dismissal.'") (quoting *Mocek*, 220 F. Supp.3d at 914). But in those cases, the lack of jurisdiction was clearer than in the TUCSRA context. *See, e.g.*, *Parrish*, 2023 WL 3276400, at *3 ("Defendants themselves have previously attempted to remove a FACTA claim lacking Article III standing only to be remanded to state court."). Indeed, in several cases originally filed in federal court in this district, defendants did not challenge jurisdiction and instead settled or moved to dismiss under Rule 12(b)(6). *See, e.g., Carbajal v. Home Depot U.S.A., Inc.*, No. CV-24-00730-PHX-DGC, 2024 WL 5118416 (D. Ariz. Dec. 16, 2024); *Carbajal v. Gap Inc.*, No. 24-1056 (D. Ariz. May 7, 2024).

Raley's "dubious strategy" of removing this case and immediately arguing federal jurisdiction does not exist "resulted in a significant waste of federal judicial resources, much of which was avoidable." *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). But based on the murkiness in Article III standing as it relates to TUCSRA, the court concludes Raley's had—just barely—an objectively reasonable basis for removal. Future similar removals may merit an award of fees but the present one does not.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 11) is **GRANTED** to the extent

1  this court lacks jurisdiction.

2  **IT IS FURTHER ORDERED** plaintiff's request for attorneys' fees is **DENIED**.

3  **IT IS FURTHER ORDERED** this case is **REMANDED** to the Maricopa County
4  Superior Court. The Clerk of Court shall close this case.

5  Dated this 11th day of April, 2025.

Honorable Krissa M. Lanham
United States District Judge